IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MATTHEW J. ALDRIDGE, #244274,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CASE NO. 2:12-CV-377-TMH |
| ) | [WO] |
| ) | |
| CAPT. BABER, et al.,   ) | |
| ) | |
| Defendants.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Matthew J. Aldridge ["Aldridge"], an indigent state inmate. In the instant case, Aldridge challenges actions taken against him during his confinement at the Easterling Correctional Facility. Specifically, Aldridge complains that correctional officials placed him in the restricted privileges dorm upon his arrival at Easterling and impeded his ability to visit with his maternal grandmother by requiring proof of her identity/relationship to him.

Pursuant to the orders of this court, the defendants filed a written report, supported by relevant evidentiary materials, in which they address the claims for relief set forth in the complaint. The undisputed report and evidentiary materials refute the self-serving, conclusory allegations presented by Aldridge. These materials, including affidavits and applicable administrative policies/procedures, demonstrate that the actions about which Aldridge complains did not violate the Constitution, i.e., Aldridge was placed in the restricted

privileges dorm for only two days due to a lack of space in general population and neither the temporary lack of certain privileges during such confinement nor the request that he provide proper identification for a prospective visitor deprived him of any constitutionally protected right.

In light of the foregoing, the court issued an order directing Aldridge to file a response to the defendants' written report. *August 7, 2012 Order - Doc. No. 21*. The order advised Aldridge that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Aldridge for filing a response in compliance with the directives of this order has expired absent any response from Aldridge. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Aldridge is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Aldridge's inaction in the face of the defendants' report and overwhelming evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants indicate that no violation of the

Constitution occurred. It therefore appears that any additional effort by this court to secure Aldridge's compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 30, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of June, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE